Deaderick, J.,
delivered the opinion of the court.
Plaintiffs obtained a judgment in the Circuit Court of Henry county for $155.12 against defendant's, from which they have appealed to this court.
Dan. and Brown Love made a crop in 1871 with Vandyck, and in February, 1872, sold and conveyed by registered bill of sale, or agreement, their share in the tobacco crop made, then in the barn of Vandyck, to the plaintiffs. In September, 1870, Dan. and Brown Love had entered into a written agreement with Van-dyck to make a crop for the year 1871. This agreement stipulates “that said Brown and Dan. Love binds and trusts their half of the crop to the said Vandyck for any debt they may owe or contract to him.’ *562 This agreement was not registered, and does not give any lien upon the crop. It is a lien, or designed by its terms to be, for any debt due at the time of its execution or thereafter to be contracted. Sec. 3542 of the Code gives a lien for supplies, implements and stock, where a lien for such advances is expressly contracted for on the face of the note or other writing.
Vandyck claiming a right to the crop of Brown and Dan. Love upon the ground of the supposed lien in his favor for advances made to them, sold the crop to defendant Travis, which was received and paid for by Aycock, after notice- of Plaintiffs’ claim. Plaintiffs thereupon brought this suit, and recovered the' amount the tobacco was sold for, and we think the judgment was correct, and affirm it